REQUESTED BY: Charles D. Hahn, Nemaha County Attorney, Auburn, Nebraska.
In the collection of taxes under section 77-412, as amended by LB 834, and section 77-1718, as amended by LB 689, Eighty-sixth Legislature, Second Session, on distress warrants and personal property tax returns, is the rate of interest 11 percent or 16 percent?
Eleven percent.
In your letter you direct our attention to LB 933 passed by the Eighty-sixth Legislature, Second Session, 1980. LB 933 was originally introduced as a bill relating to sanitary and improvement districts. After its advancement to the floor, a substitute bill was offered as an amendment and accepted by the Legislature.
The amendments to LB 933 adopted by the Legislature essentially provided for an interest rate of 16 percent on delinquent obligations owed to governmental subdivisions. These include cities, sanitary improvement districts, counties and other governmental units. Section 29 of that bill amends section 77-207 to provide as follows:
 "All delinquent taxes shall draw interest at a rate equal to the maximum rate of interest allowed per annum under section 45-101.03, as such rate may from time to time be adjusted by the Legislature, from the date they become delinquent, and the interest shall be collected the same as the tax upon which the interest accrues."
Section 45-101.03, pursuant to action by the 1980 Legislative Session now provides a maximum rate of interest of 16 percent.
During the same session the Legislature adopted LB 689 and LB 834 which respectively amended section 77-1718 and section 77-412. LB 689 was approved by the Governor on April 3, 1980. Pursuant to that bill, the rate of interest charged under section 77-1718 was changed from 9 to 11 percent. LB 834 was approved by the Governor on April 15, 1980, and amended section 77-412 to change the rate of interest from 7 to 11 percent. LB 933 was approved by the Governor on April 23, 1980. LB 834 contained the emergency clause.
In reading section 29, which amends section 77-207, it is clear that the Legislature intended to increase the maximum rate of interest on delinquent taxes to 16 percent. The wording of the statute implies that all delinquent taxes are to draw interest at that rate. This, however, is not a unique situation. A similar question arose following the 1969 Legislative Session where section 77-207, as well as other sections of the tax code were amended to increase the rate of interest from 7 percent to 9 percent.
In Opinion No. 12u, Report of the Attorney General, 1969-1970, page 182, the question asked was whether the amendment to section 77-207 increased the rate of interest chargeable on delinquent inheritance taxes. Our response to that question was, no. In part we said:
 "Your question is whether the general language found in section 77-207, when it refers to `all delinquent taxes' includes the inheritance taxes dealt with by section 77-2010, thereby increasing the rate of interest on such delinquent taxes. We conclude that it does not have effect for several reasons. First, it will be noted that section 77-207 is found in an article dealing with property taxes. Section 77-1718, which was also amended by LB 245, deals with the collection of delinquent personal property taxes. Section 77-1824 deals with interest on delinquent real estate taxes. It is therefore arguable, at least, that the Legislature, in passing LB 245, was dealing with interest on delinquent property taxes, and was not thinking in terms of all delinquent taxes, in spite of the general language of section 77-207."
 However, even if it was the intention of the Legislature to increase the interest rate on all delinquent taxes, including inheritance taxes, it failed to do so, because it failed to amend section 77-2010. Section 14, Article III, of the Nebraska Constitution provides in part:
 `. . . And no law shall be amended unless the new act contains the section or sections as amended and the section or sections so amended shall be repealed. . . .'
We believe the same reasoning is persuasive in the present circumstance. Sections 77-412 and 77-1718, respectively, deal with interest to be charged where the personal property tax return has been amended by the treasurer to increase the amount subject to taxation and to distress warrants for persons having delinquent personal property tax for that year. The specific amendments, although earlier in the Legislative Session in LB 933, we believe would control over the more general amendment to section 77-207 and for that reason each of the statutes must be given effect and the interest rates imposed by those statutes accorded recognition by the appropriate authorities.
Thus, in our view generally, delinquent property taxes should bear an interest rate of 16 percent from the date of delinquency to the date they are paid. Where there is a specific statute that establishes a separate interest rate such as sections 77-412 and 77-1718, that specific interest rate will control over the general language of 77-207.